DREW, Justice.
While Chapter 26065, Special Acts of 1949, is involved in these proceedings, we point out and emphasize here that the constitutionality of such Act is not questioned and we specifically do not pass on such question. So far as this opinion is concerned we assume, but expressly do not decide, the Act to be valid and constitutional.
The above mentioned Act applies only to Orange County. Briefly, it provides that the State Welfare Board shall establish minimum standards for nursery homes for children in said county and shall license (without charge) each such institution. The Act provides that a license granted under the Act shall be valid for only one year but may be renewed or extended under such regulations as the State Welfare Board shall adopt. The Act then provides for the revocation of such license, under certain conditions, by order of the State Welfare Board. Further, the Act provides that if the order revoking a license be not complied with “the State Welfare Board shall apply to a court of equity having jurisdiction over the institution, and such court * * * shall hear and determine the case, and shall grant such relief, mandatory or injunctive, as the case may require.”
Pursuant to the above mentioned Act, Lillian Mattie Bland, appellee, then operating a children’s nursing home within the purview of the Act, applied for a license. After several hearings held over a long period of time, her application was rejected and she was given 30 days to- close her institution. She refused to do so, whereupon the State Welfare Board instituted a suit for injunction to enjoin and restrain her “from operating in violation of the provisions of Chapter 26065, Laws of Florida, Acts of 1949,” and for other relief. Lillian Mattie Bland answered and moved to dismiss on numerous- grounds. The lower court sustained the motion to dismiss and entered the following final decree :
“This cause came on to be heard this day upon motion to dismiss the Bill of Complaint filed herein and the Court having heard argument of counsel and having considered the Briefs filed by Counsel finds that it is without jurisdiction to grant the injunctive relief prayed for in the Bill of Complaint and that said Bill of Complaint is therefore without equity, and Counsel for the plaintiffs, having announced to- the Court that they did not wish to plead further,
“It is Thereupon Considered, Ordered, Adjudged and Decreed that the Bill of Complaint in the above cause be and the same is hereby dismissed at the cost of the plaintiffs.”
The only errors assigned here are:
“1. The Court erred in its- order entered herein on the 5th day of November, 1952, holding that it did not have jurisdiction to issue the injunction prayed for in the bill of complaint and which order is recorded in C. O. B. 146, page 523, of the records of this Court.
“2. The Court erred in its order entered herein on the 5th day of November, 1952, dismissing the bill of complaint herein, and which order is re *61 corded in C. O. B. 146, page 523, of the records of this Court.” .
The question presented here boils down to the proposition that while the statute involved authorizes a court of equity to entertain a suit of the kind here involved where the license has been issued and then revoked, there is no provision for such action where the license has never been issued at all. This argument simply ignores two of the most fundamental rules of statutory construction, viz.: that the courts should construe a statute so that the plain intent of the Legislature would be given effect and that the courts should not construe a statute in such manner as to reach an absurd conclusion if any other construction is possible. To give effect to the argument of appellee would be tantamount to saying that a person plainly covered by and included within the statute could by the simple expedient of ignoring the statute, defeat the legislative will. Such result would both be absurd and do great violence to the plain legislative intent, which was obviously to provide competent supervision under a qualified agency of these homes which have charge of our most precious possessions — our young people. Moreover, Section 2 of Chapter 26065, supra, makes it unlawful to operate such institution without having “first procured a license from the State Welfare Board”. Since appellee was operating the home in violation of the law, never having secured a license, no authority need be expressed in the statute itself to authorize or empower the Circuit Court to enjoin a violation of the Act.
We hold the court had jurisdiction to hear and determine the merits of the controversy alleged in the complaint, including the constitutionality of the Act. The final decree is therefore reversed and set aside with directions to proceed further in accordance herewith.
Reversed.
ROBERTS, C. J., and TERRELL, SE-BRING, HOBSON and MATHEWS, JJ., concur.
PARKS, Associate Justice, concurs in part and dissents in part.