SMITH, Judge.
This case requires construction of the Public Employees Relations Act, Section 447.201 et seq., Florida Statutes (1975). Marion County School Board filed here a suggestion for writ of prohibition. We issued a rule nisi, to which respondent Florida Public Employees Relations Commission (PERC) has appropriately responded. The School Board also filed a petition for common law writ of certiorari raising the same issue. Because an adequate remedy is provided by interlocutory review under Section 120.68, Florida Statutes (Supp. 1976), we consider the petition for common law writ of certiorari as a petition for review under that section.
On December 9, 1975, PERC notified the School Board that respondent Union, District Council No. 66, International Brotherhood of Painters and Allied Trades, had petitioned PERC for recognition as collective bargaining agent for certain of the School Board’s employees. On December 19, 1975, the School Board responded to the petition by denying the union had ever requested the Board to recognize it as collective bargaining representative. The School Board moved PERC to dismiss the petition for certification on the ground the Union had neither requested recognition by the Board as required by Section 447.307(1), Florida Statutes, nor been refused recognition by the Board as required by Section 447.307(2), Florida Statutes. PERC denied the motion to dismiss and ordered an election among employees in a defined unit. We grant interlocutory review because, if the Board’s position is correct, there is a serious impediment to PERC’s jurisdiction which cannot be cured or wholly remedied by review of final agency action. Section 120.68, Florida Statutes (Supp. 1976). Contrast Panama City v. Florida Public Employees Relations Commission, 333 So.2d 470 (Fla. 1st DCA 1976); School Board of Sarasota County v. Florida Public Employees Relations Commission, 333 So.2d 95 (Fla. 2d DCA 1976).
Section 447.307, Florida Statutes (1975), provides in pertinent part as follows:
“(1) Any employee organization which is designated or selected by a majority of public employees in an appropriate unit as their representative for purposes of collective bargaining shall request recognition by the public employer. The public employer shall, if satisfied as to the majority status of the employee organization and the appropriateness of the proposed unit, recognize the employee organization as the collective bargaining representative of employees in the designated unit. Upon recognition by a public employer, the employee organization shall immediately petition the commission for certification. The commission shall review only the appropriateness of the unit proposed by the employee organization. If the unit is appropriate according to the criteria used in this part, the commission shall immediately certify the employee organization as the exclusive representative of all employees in the unit.
(2) If the public employer refuses to recognize the employee organization, the employee organization may file a petition with the commission for certification as the bargaining agent for a proposed bargaining unit. The petition shall be accompanied by dated statements signed by at least 30 percent of the employees in the proposed unit, indicating that such *821 employees desire to be represented for purposes of collective bargaining by the petitioning employee organization. .” (emphasis added.)
The School Board contends PERC is without authority to entertain the Union’s petition for certification until the Union has requested voluntary recognition by the Board and the Board has refused it. PERC contends that because the Union did not claim to represent more than 50 percent of the employees in the proposed unit, but did show dated statements indicating representation of at least 30 percent, it was not required to request voluntary recognition by the Board before filing its petition with PERC.
The requirements of the statute are not clear. We note an apparent inconsistency between Sections 447.305(1) and 447.307(2), Florida Statutes (1975). Section 447.305(1) provides in pertinent part:
“Every employee organization, prior to requesting recognition by a public employer for purposes of collective bargaining, or prior to submitting a petition to the commission for purposes of requesting a representation election, shall adopt a constitution and bylaws and shall register with the commission. . . . ” (emphasis added.)
Section 447.305(1) appears to contemplate alternative methods for an employee organization to achieve certification as a bargaining representative: the employee organization may request recognition by the public employer, or it may petition PERC for a representation election. But Section 447.-307(2) suggests the legislature intended that an employee organization petition PERC for a representation election only when “the public employer refuses to recognize the employee organization.”
In the form considered but not enacted by the 1972 Legislature, House Bill 3314, a precursor of the 1974 Act, contemplated alternative procedures for recognition. It contained consistent provisions paralleling Sections 447.305(1) and 447.307(2) of the 1974 legislation. Thus, Section 2-447.008(1) of House Bill 3314 was identical to present Section 447.305(1) and Section 2-447.009(2) of the bill provided in part:
“(2)(a) Any employee organization may file a petition with the commission for certification as the bargaining agent for a proposed bargaining unit. The petition shall contain a sworn statement that thirty percent (30%) or more of the public employees in the proposed bargaining unit desire to be represented for purposes of collective bargaining by the employee organization filing the petition.”
Critics of House Bill 3314 suggested that the section should be amended to require employee organizations to request informal recognition from public employers before petitioning for a representation election. See McGuire, Public Employee Collective Bargaining in Florida — Past, Present and Future, 1 Florida State Law Review 26, 69 n. 214 (1973).[1] A 1973 version of the proposed act provided, as does present Section 447.307(2), Florida Statutes (1975), that an employee organization may file a petition with PERC for certification “[i]f the public employer refuses to recognize the employee organization . . ..” Fla. H.B. 2028, § 1-447.009 (1973).
The legislative history does not, as the School Board suggests, indicate a final legislative purpose to require a denial of voluntary recognition by a public employer as a jurisdictional prerequisite to PERC’s entertaining a union petition for a representation election. The legislative history simply accounts for two opposing inferences now arising from Sections 447.305 and 447.-307(2).
The School Board construes Section 447.-307(2) as requiring an employee organization to request voluntary recognition as a prerequisite to petitioning PERC even when it cannot show 50 percent representa *822 tion, but can show only 30 percent. But Section 447.307(1) entitles an employee organization to voluntary recognition only when it is designated or selected by a majority of public employees of the unit. Federal precedent suggests that it would be an unfair labor practice under Section 447.-501(l)(b), (e), Florida Statutes (1975), for a Florida public employer to recognize, even in good faith, a union which in fact has less than 50 percent support of unit employees. International Ladies’ Garment Workers’ Union v. N.L.R.B., 366 U.S. 731, 81 S.Ct. 1603, 6 L.Ed.2d 762 (1961). It would therefore be wholly futile and potentially an illegal inducement for a union with more than 30 percent but less than 50 percent employee support to request recognition by the public employer.
Other absurd results would follow a requirement that no employee organization may petition for or be granted a representation election absent a prior assertion to the employer that it enjoys majority support. When two or more employee organizations compete to become the bargaining agent, a great majority of employees may desire representation although no single organization can immediately claim majority support. Under the Board’s reasoning, no union would be eligible to commence PERC proceedings for an election until one of them can — presumably in good faith — claim to represent a majority of employees.
A statute should not be construed so as to bring unreasonable or absurd consequences when, considered as a whole, the statute is fairly subject to another construction which will aid in accomplishing the manifest intent and purposes designed. City of Miami v. Romfh, 66 Fla. 280, 63 So. 440 (1913); State ex rel. Florida Industrial Commission v. Willis, 124 So.2d 48 (Fla. 1st DC A 1960); Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).
In searching for a policy to resolve the ambiguous legislation, the case law developed under the National Labor Relations Act is instructive. From its beginning the National Labor Relations Board required petitions for collective bargaining elections to allege the employer declines to recognize petitioner’s representative. In 1947 Congress revised the NLRA to incorporate that rule in the statute. Act of June 23,1947, c. 120, Title I, § 101, 61 Stat. 136 [29 U.S.C. § 159(c)(1)]. The NLRB has since held that, despite statutory language literally requiring an allegation that the employer declines to recognize the petitioner’s representative, petitions will not be dismissed simply because the petitioner has failed to request voluntary recognition. If, subsequent to the filing of the petition, the employer declines to recognize the petitioner’s representative, the NLRB considers the statutory requirements satisfied. Advance Pattern Company, 80 NLRB 29, 23 LRRM 1022 (1948), vacating 79 NLRB 209, 22 LRRM 1366 (1948); American Tobacco Company, Inc., 108 NLRB 1211 (1954); “M” System, Inc., 115 NLRB 1316 (1956).
Thus there is no federal policy requiring unions to seek voluntary recognition before petitioning for an election. Indeed, the NLRB experience suggests that overly strict interpretation of the certification procedure’s formal requirements may produce results contrary to the overall intent of the statute. See Advance Pattern Co., supra, 23 LRRM at 1024:
“Ample opportunity is afforded under our practice for parties to execute agreements during informal conferences, at which they are encouraged by the Board to solve their own problems. Abrupt departure from what has proved salutary for so many years can produce only the atmosphere of a tensely litigated law suit in which all sides will be quick to seize upon technical defects in pleadings to gain substantive victories. Such a step can hardly lead to fruitful collective bargaining.”
Therefore we decline to give Section 447.307(2) the literal construction urged by the Board. We hold that when an employee organization can show at least 30 percent representation in a proposed unit, it may file a petition with PERC for certification as the bargaining agent without first re *823 questing recognition by the public employer.
The rule nisi in prohibition heretofore issued is DISCHARGED and the suggestion for writ of prohibition is DENIED. The prayer of the petition for writ of common law certiorari, considered as a petition for judicial review under Section 120.68, is DENIED.
McCORD, Acting C. J., and MILLS, J., concur.

. . the section might properly require the employee organization first to demand informal recognition by the employer under Fla. H.R. 3314, § 2^47.009(1) (1972), before filing a petition under subsection 2. Only if the public employer refused to recognize the employee organization would it be permitted to file the petition for an election.”