Robert L. Nabors Brevard County Attorney Titusville
QUESTION:
Does the Board of County Commissioners of Brevard County have the discretion under Ch. 72-425, Laws of Florida, or any other law to provide medical, health, accident, and life insurance programs for a Judge of the Circuit Court of the Eighteenth Judicial Circuit who resides in Seminole County?
SUMMARY:
Section 1, Ch. 72-425, Laws of Florida, imposes a residency requirement which pertains to county court judges and to circuit court judges. In addition, a circuit court judge may participate in a county's insurance program under s. 112.081, F. S., only if on July 1, 1967, he was participating in the program and if he is a resident of the county. Thus, the Board of County Commissioners of Brevard County does not have the authority to provide medical, health, accident and life insurance to a judge of the Circuit Court of the Eighteenth Judicial Circuit who resides in Seminole County.
As a noncharter county, Brevard County may exercise only those powers which have been granted by general or special law. Seegenerally AGO 077-38 in which I concluded that noncharter counties have no constitutional powers of their own, but rather they may exercise only those powers which are conferred on them by general or special law. Section 112.08, F. S., in pertinent part empowers counties as local government units to provide life, health, accident, hospitalization, or annuity insurance, or all of any kinds of such insurance for its officers and employees upon a group insurance plan. Section 1 of Ch. 72-425, Laws of Florida, expressly grants certain county court judges and circuit judges the right to participate in the county's insurance program by stating:
 Each judge of the circuit court and each county judge of Brevard County who is a resident of Brevard County shall be entitled to participate in the same manner and on the same basis as the employees of Brevard County in the county's medical, health, accident and life insurance programs. (Emphasis supplied.)
According to your letter, a question has arisen regarding the interpretation of Ch. 72-425 as to whether the residency requirement contained therein is applicable to both the county court judges and the circuit court judges or to the county court judges alone.
Under the Florida Constitution, county court judges are required to be residents of the county in which they serve. See s. 8, Art. V, State Const., adopted by special election March 12, 1972, which provides for the eligibility of judges by stating in pertinent part that `[n]o person shall be eligible unless he is an elector of the state and resides in the territorial jurisdiction of hiscourt.' (Emphasis supplied.) A similar provision was present in the 1885 Constitution. See s. 13A, Art. V, State Const. 1885, as amended, which required that `judges of other courts [other than the Supreme Court, district courts of appeal and circuit courts] shall be citizens of the county served.' If the residency requirement contained in s. 1, Ch. 72-425, Laws of Florida, is considered to pertain only to `each county judge of Brevard County,' the phrase `who is a resident of Brevard County' is mere surplusage, as the judges are already required by the Constitution to be residents of the county.
Generally, words in a statute will not be construed as surplusage if a reasonable construction which will give them some force and meaning is possible. See Pinellas County v. Wooley, 189 So.2d 217
(2 D.C.A. Fla., 1966); see also State Department of Public Welfare v. Bland, 66 So.2d 59 (Fla. 1953), State ex rel. Florida Industrial Commission v. Willis, 124 So.2d 48 (1 D.C.A. Fla., 1960), cert. denied, 133 So.2d 323 (Fla. 1961); cf. 82 C.J.S.Statutes s. 343. The Legislature is presumed to intend that each word or phrase within a statute has meaning. Therefore, an interpretation of the residency requirements in Ch. 72-425 which would make that phrase mere surplusage generally will not be favored.
In addition, such an interpretation would remove any limitation within the act as to which circuit court judges may participate in the county's insurance program; under the express terms of the act, any circuit court judge would be eligible. It is a well-settled rule of statutory construction that statutes should not be construed in a way which will lead to untenable conclusions. See Austin v. State ex rel. Christian, 310 So.2d 289
(Fla. 1975); School Board of Marion County v. Florida Public Employee Relations Commission, 341 So.2d 819 (1 D.C.A. Fla., 1977) (statute should not be construed so as to create absurd or unreasonable consequences); Thomas v. State, 317 So.2d 450 (3 D.C.A. Fla., 1974); Miller v. State, 297 So.2d 36 (1 D.C.A. Fla., 1974), aff'd sub nom, Winston v. State, 308 So.2d 40 (Fla. 1975). Therefore, based upon the foregoing, I am of the view that the residency requirement contained in s. 1, Ch. 72-425, Laws of Florida, pertains to each county court judge of Brevard County and
to each circuit court judge. It should be noted that the residency requirement contained in s. 8, Art. V, State Const., supra, also applies to circuit court judges. Therefore, in order for a circuit court judge to reside in Brevard County, the county must be within the territorial jurisdiction of his court. Thus, a circuit court judge who resides in Brevard County would also serve that county as a part of his judicial circuit.
As previously stated, the county is authorized under s. 112.08, F. S., to provide group insurance programs for its officers and employees. Section 112.081, F. S., extends this coverage by stating:
 All circuit judges who, on July 1, 1967, are participating in an insurance program for county employees are hereby deemed to be county employees for the purpose of such participation even though there is no actual cash salary supplement received from the county.
Section 112.081 has been interpreted by this office to extend a county's insurance programs provided for in ss. 112.08-112.114, F. S., only to those circuit judges who reside within the county. Attorney General Opinion 069-50. Therefore, a circuit court judge residing in Seminole County would not be eligible to participate in Brevard County's insurance programs under s. 112.081. It should be noted that a circuit court judge is eligible, however, to participate in the State Officers and Employees Group Insurance Program under s. 112.075, F. S.
Prepared by: Joslyn Wilson, Assistant Attorney General