Arthur H. Beckwith, Jr. Clerk, Circuit Court Sanford
QUESTIONS:
1. Does the $2 additional service charge required by s. 28.241(1), F. S., for each civil action filed in the circuit court apply to probate matters or proceedings in the circuit court?
2. Does the $2 additional service charge required by s. 28.241(1), F. S., for civil actions filed in circuit court apply to civil actions and proceedings filed in the county court, including summary claims?
SUMMARY:
Clerks of the circuit courts should charge and collect the $2 service charge required by s. 28.241(1), F. S., for all probate filings not included in the scheduled charges of s. 28.2401, F. S. Clerks of the circuit courts should not exact this $2 additional service charge for county court filings, including summary claims.
AS TO QUESTION 1:
Section 28.241(1), F. S., provides, inter alia:
 The party instituting any civil action, suit, or proceeding in the Circuit Court shall pay to the clerk of said court a service charge of $20 in all cases in which there are not more than five defendants, and an additional service charge of $1 for each defendant in excess of five. . . . An additional service charge of $2 shall be paid to the clerk for each civil action filed, such charge to be remitted by the clerk to the State Treasurer for deposit into the General Revenue Fund unallocated. (Emphasis supplied.)
Section 4, Ch. 75-124, Laws of Florida, amended s. 28.241(1), F. S., by, inter alia, enacting the requirement of a $2 additional service charge, which is the subject of your inquiry. While this amendatory act was probably constitutionally defective since the title of Ch. 75-124 referred only to the section number, s.28.241(1), being amended, see McConville v. Ft. Pierce Bank 
Trust Co., 135 So. 392 (Fla. 1931), this defect was subsequently cured by the adoption by the Legislature of the 1977 Florida Statutes, s. 11.2421, F. S. See spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla. 1958); Rodriguez v. Jones,64 So.2d 278 (Fla. 1953); State ex rel. Badgett v. Lee, 22 So.2d 804 (Fla. 1945); AGO 069-29. The meaning and scope of this additional $2 service charge is determined by its location in subsection (1) of s. 28.241, F. S. This `additional service charge of $2' has to be additional to some other charge within s. 28.241(1). The basic and only specified service charge in s. 28.241(1) is the $20 service charge the `party instituting any civil action, suit, or proceeding in the Circuit Court' must pay to the clerk of the circuit court. Therefore, the additional $2 service charge is additional to the $20 service charge which is paid by the `party instituting any civil action, suit, or proceeding in the Circuit Court,' and should be charged and collected only in those civil actions, suits or proceedings for which the $20 service charge required by s. 28.241(1) is exacted. Thus, the question becomes: In what instances should the $20 service charge be charged and collected, and consequently the $2 additional service charge?
Prior to the 1972 Florida constitutional revision, which extensively changed Article V, the judicial article of the constitution, the scope and application of the service charges required by s. 28.241(1), F. S. 1971, were clear and unambiguous. Previous to 1972, Florida's Constitution and the fee statutes prescribing service charges divided Florida's judiciary on the trial court level into a number of distinct courts. Section 1, Art. V, State Const. 1968, provided:
 The judicial power of the State of Florida is vested in a supreme court, district courts of appeal, circuit courts, Court of Record of Escambia County, criminal courts of record, county courts, county judge's courts, juvenile courts, courts of justices of the peace, and such other courts, including municipal courts, or commissions, as the legislature may from time to time ordain and establish.
Pursuant to this section, the Legislature established the civil courts of record. See Ch. 33, F. S. 1971 (repealed by Ch. 72-404, Laws of Florida). Section 33.02, F. S. 1971, specified the jurisdiction of these civil courts of record. The clerks of the civil courts of record received as compensation for their services the same charges as the clerks of the circuit court received for similar services. Thus, the party instituting any civil action, suit, or proceeding in a civil court of record paid his service charge to the clerk of the civil court of record.
Section 34.01, F. S., statutorily established the jurisdiction of the county courts granted by s. 8, Art. V, State Const. And s.34.041, F. S. 1971, specified that `[u]pon the institution of any civil or criminal action, suit, or proceeding in the county court of any county, there shall be paid by the party or parties so instituting such action, suit or proceedings service charges as provided in ss. 28.24 and 28.241 for clerks of the circuit court.'
Prior to the 1972 revision of the State Constitution, there were also county judges' courts. The jurisdiction of these county judges' courts was set out in s. 36.01, F. S. 1971. The county judge had:
 (1) Original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars, said jurisdiction to extend throughout the county;
 (2) Original jurisdiction of proceedings relating to the forcible entry and unlawful detention of lands and tenements which shall include actions for forcible entry and unlawful detainer and proceedings against delinquent tenants;
 (3) Jurisdiction of the settlement of estates of decedents and minors; to take probate of wills; to order the sale of real estate of minors; to grant letters testamentary, of administration and of guardianship; and to discharge the duties usually pertaining to courts of probate;
 (4) Original jurisdiction, in counties where there are no county courts or criminal courts of record, to try and determine all misdemeanors committed in his county; and
(5) The power of a committing magistrate.
Section 36.19, F. S. 1971, stated:
 Upon the institution of any civil action, suit or proceeding in the county judges' court of any county of the state, there shall be paid by the party or parties so instituting such action, suit or proceeding, as and for fees of the county judge, for all services to be performed by him therein, in lieu of all other fees heretofore charged, except as hereinafter provided, the sum of five dollars.
Thus, we can see from the foregoing that prior to the constitutional revision of Article V, State Const., the fee statutes found in ss. 28.241, 33.04, 34.041, and 36.19, F. S. 1971, were not less ambiguous or more certain in their application than the present text of s. 28.241(1), F. S., which is the subject of your inquiry. However, Article V of the 1968 State Constitution, prior to its revision in 1972, and the statutes setting out the jurisdiction of the several different trial and initial proceedings courts made these fee statutes certain as to the scope of their application. The fee was to be paid only for an action, suit, or proceeding filed in the court with jurisdiction over the subject matter of said action, suit, or proceeding, and was paid pursuant to the provisions of that court's fee statute. For example, the county judges' court had jurisdiction over probate and guardianship matters (s. 36.01[3], F. S. 1971), and thus all fees for probate and guardianship matters were paid pursuant to ss. 36.17-36.19, F. S. 1971. See also Ullendorff v. Brown, 24 So.2d 37, at 40 (Fla. 1945) setting out the county judges' court's jurisdiction with regard to probate and guardianship proceedings.
The 1972 constitutional revision abolished the county judges' courts as well as the other various trial-level courts specified in former s. 1, Art. V, State Const. The jurisdiction of these various courts was lodged either in the circuit courts or in the county courts. No other trial-level courts are allowed by the 1972 revision; see s. 1, Art. V, State Const. All probate and guardianship jurisdiction is today in the circuit court. See s. 20(c)(3), Art. V, State Const.
The Florida Legislature responded to the 1972 revision by amending s. 36.17, F. S. 1971, to deal exclusively with filing fees for probate matters and this section was relocated to s. 28.2401, F. S., which deals with clerks of the circuit courts. See Ch. 72-397, Laws of Florida.
Subsequently, the 1975 Legislature amended s. 28.241(1), F. S., by lowering the service charge from $5 to $2 for granting a severance and by adding the $2 additional service charge for `each civil action filed.' See s. 4, Ch. 75-124, Laws of Florida. We can see then that the question becomes: Did the judicial reorganization of Article V in 1972 and the subsequent statutory modifications operate to require that the service charges called for by s.28.241(1) be applied to probate and guardianship proceedings?
The paramount rule of statutory construction is that legislative intent should be ascertained and effectuated, if at all possible. Lewis v. Mosely, 204 So.2d 197 (Fla. 1967); State Dept. of Public Welfare v. Bland, 66 So.2d 59 (Fla. 1953); Ervin v. Peninsular Telephone Co., 53 So.2d 647 (Fla. 1951). A secondary rule of statutory construction is that `statutes on the same subject should be harmonized when possible, but that a statute dealing specifically with a subject takes precedence over another statute concerning the same subject in general terms.' State v. Young,357 So.2d 416, at 417 (2 D.C.A. Fla., 1978). In the face of the constitutional revision of Article V, s. 28.2401, F. S., was transferred from repealed Ch. 36 dealing with county judges' courts, retained as a fee schedule separate from the more general filing fees of s. 28.241, F. S., and subsequently modified and expanded to deal with, among other things, a variety of probate and guardianship matters. Thus, as a general conclusion, the Legislature has evinced an intent to perpetuate the separate fee treatment of probate and guardianship matters from the filing charges of s. 28.241, F. S.
The title of s. 28.241, F. S., which reads `[f]iling charges for trial and appellate proceedings,' is a part of the act being enacted and, since it was placed at the heading of this section by the Legislature, it can thus be used as an aid in construing the provisions of the section to determine legislative intent. See
Board of Public Instruction of Broward County v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969); Berger v. Jackson, 23 So.2d 265
(Fla. 1945); Jackson Lumber Co., v. Walton County, 116 So. 771
(Fla. 1928). See also AGO 057-314. Probate and guardianship proceedings have not been in the past, nor are they presently, considered in the ordinary use of the words to be a trial or appellate proceeding. It has been stated that `[a] proceeding to probate a will is generally regarded as a special proceeding, equitable in nature, and ex parte. Its purpose, strictly, is to establish the legal status of an instrument as a will, or, more broadly, to determine the disposition of a decedent's property.' 95 C.J.S. Wills s. 308 (1957). Section 731.105, F. S., defines probate proceedings as `in rem proceedings.' The Second District Court of Appeal stated in In re Estate of Biederman (Biederman v. Cheatham), 161 So.2d 538, at 541 (2 D.C.A. Fla., 1964): `The probate of a will is a judicial proceeding to establish the legal status of the purported will and to furnish the means of establishing by record evidence [sic] the validity of rights existing thereunder. Probate is not an action; it is in the nature of a proceeding in rem.' See also, In re Estate of Williamson (Hoffman v. Murphy), 95 So.2d 244, at 246 (Fla. 1957), stating the same proposition. However, a probate proceeding becomes an adversary proceeding in the nature of a civil suit or action for certain types of probate matters. Rule 5.025(a), Florida Rules of Probate and Guardianship Procedure, states:
The following shall be deemed adversary proceedings:
 (1) Proceedings to revoke a will, probate a lost or destroyed will, probate a later-discovered will, determine beneficiaries, construe a will, cancel a charitable bequest, partition property for the purposes of distribution, determine and award the elective share; and
 (2) Any other proceeding which shall be determined by the court to be an adversary proceeding.
This is the Florida Rule of Probate and Guardianship Procedure which implements s. 731.107, F. S. Section 731.107 requires that `[t]he rules of civil procedure shall be applied in any adversary proceeding in probate.' Subsection (b)(2) of Rule 5.025 provides that `[a]fter service of formal notice, such [adversary] proceedings as nearly as practical shall be conducted similar to suits of a civil nature and the Rules of Civil Procedure shall govern, including entry of defaults.'
In In re Estate of Estes (Lacy v. Estes), 158 So.2d 794, at 796 (3 D.C.A. Fla., 1963), the court, in deciding whether the rules of civil procedure, and particularly rules of discovery, should be allowed in a will contest filed pursuant to s. 732.30, F. S. 1963, stated:
 A proceeding for revocation and to have a will declared invalid is no less a `civil matter' or `action' because filed in a probate case, than it would be if filed separately. The proceeding is one conferred by statute, and would be by separate suit except that the statute directs it to be filed in the probate case. Such a will contest is a civil matter — a `case' or `action.' It is commenced by an initial pleading setting forth the interest in the estate which is held by the petitioner and the grounds relied on for seeking a determination of invalidity of a probated will. The representative of the estate is made defendant. Other parties interested may join and prosecute or defend. Issues bearing on the validity of the will are made on the pleadings and tried by the court, and a decision is rendered thereon holding the challenged will to be valid or invalid. It is common knowledge that some such cases require days or even weeks for trial, in the course of which many witnesses may appear and a large number of documents be involved. Such cases and their preparation may present fitting if not compelling occasions for use of discovery procedures.
Section 732.30, supra, was the predecessor to present s. 733.109, F. S., which is one of the enumerated matters deemed to be adversary proceedings by Rule 5.025, PGR. Further, petitions filed pursuant to s. 732.30, supra, were considered the institution of a `civil action suit or proceeding' for which the general filing fee of s. 36.19, F. S. 1971, (see above for text of statute), was required.
When the county judges' courts were constitutionally dismantled in 1972 and the jurisdiction for probate and guardianship matters transferred to the circuit court, the fee schedule for these matters was transferred to s. 28.2401, F. S., and later expanded to encompass a variety of fee requirements for probate, guardianship, and other matters. But the matters deemed by Rule 5.025, PGR, to be adversary proceedings are not included in the schedule of service charges in s. 28.241, F. S. These are the probate matters that were formerly charged by s. 36.19, F. S. 1971, the general filing fee section for county judges' courts. Compare the text of s. 36.19, set out above, with the text of present s. 28.241(1), F. S. These two statutes are similar in their wording and purpose. Both are general filing-charge statutes intended to be applied to all filings made in the court having jurisdicton over the subject matter, except where otherwise provided for by law. The Legislature, by retaining and expanding s. 28.2401, has evinced an intent to specifically charge for certain enumerated probate and guardianship matters. However, the general filing-charge section, s. 28.241, should be applied, as was former s. 36.19, to all probate and guardianship matters not specifically enumerated in s. 28.2401. It is therefore my conclusion that while the $20 service charge and the $2 additional service charge required by s. 28.241 should not be exacted for probate and guardianship matters specified and charged by s.28.2401 these two service charges should be charged and collected for all other matters not specified in the schedule of s. 28.2401.
AS TO QUESTION 2:
You secondly question whether the $2 additional service charge provided for in s. 28.241(1), F. S., for trial proceedings in the circuit courts should apply to actions and proceedings in county court, including summary claims.
Again, the primary rule for construing the terms of a statute is that the legislative intent should be determined and effectuated, if at all possible. Lewis v. Mosely, supra; State Dept. of Public Welfare v. Bland, supra; Ervin v. Peninsular Telephone Co., supra. If the Legislature had intended that an additional $2 service charge be exacted for filings in the county court, it could have easily so provided by adding this charge to the terms of s.34.041(1), F. S. Chapter 75-124, Laws of Florida, did not purport to amend s. 34.041(1) or add any other service charges to it. Moreover, the $2 additional service charge is additional to the $20 service charge to be paid by the `party instituting any civil action, suit, or proceeding in the Circuit Court' and should be charged and collected only for those filings for which the basic $20 service charge is made in the circuit court. This $2 additional service charge is not additional to any service charges made in the county court.
Prepared by: Craig B. Willis, Assistant Attorney General