## LAUNDROMAT SERVICES CONSULTANTS, INC. v INVESTORS' REAL ESTATE MANAGEMENT OF TALLAHASSEE, INC., et al.

### Case No. 89-577

Second Judicial Circuit, Leon County

May 2, 1990

### OPINION OF THE COURT

CHARLES D. McCLURE, Circuit Judge.

THIS MATTER is before the Court on appeal. This Court having considered the Briefs submitted by the Appellant and the Appellee, and being fully advised of the premises, reverses the Order of Final Judgment of the Trial Court and as grounds therefore states:

Appellant, Laundromat Services Consultants, Inc., was in possession of a laundry room facility located at Benchmark West Apartment, Tallahassee, Florida, under a lease agreement entered into with the apartment's property management company. It filed suit against the Appellees, Investors' Real Estate Management of Tallahassee, Inc. and

A.S.I., Inc. d/b/a Automatic Laundry and Machinery Company, alleging "unlawful entry and detainer" of the laundry room, in violation of Chapter 82, Florida Statutes.

The Honorable George S. Reynolds presided at Trial and heard the case without jury. After hearing arguments from counsel, Judge Reynolds announced a limited ruling that: (1) Chapter 82, F.S., was applicable to the case; (2) Appellant was in possession of the subject premises; (3) Appellee ousted Appellant unlawfully and without consent; and (4) the action was brought within three years of the ouster. At the trial's conclusion, the parties could not agree on a proposed Order. Judge Reynolds then invited each party to submit an Order and explained that he would sign whichever seemed most appropriate. Judge Reynolds subsequently signed the Order submitted by Appellant.

The Order signed by Judge Reynolds required appellee to vacate the subject premises, place Appellant back in possession of the premises, and return Appellant's equipment to the premises in its original condition. The Order also reserved jurisdiction of the parties for the purpose of holding additional hearings on the matter of damages which may be due Appellant.

Appellee petitioned the Court for rehearing and/or reconsideration of the Order. The petition requested that the Court enter a Final Judgment which precisely reflected the limited ruling announced at trial, thereby withdrawing its reservation of jurisdiction. Due to the regular rotation of County Court Judges, the rehearing was conducted by another Judge, the Honorable Hal S. McClamma. After hearing the matter, Judge McClamma issued the following findings:

1) Section 82.091 contains mandatory language requiring the entry of Final Judgment;

2) No evidence was presented at trial by Appellant as to its damages;

3) There is no provision in Section 82.091, F.S., to bifurcate the damage aspect of the trial;

4) No motion was made by Appellant at trial or otherwise to bifurcate;

5) The transcript does not reveal a ruling by the Court reserving jurisdiction on damages; and therefore,

6) The previous Trial Court Judge had no basis to do so.

In accordance with these findings, Judge McClamma issued a Final Judgment which awarded Appellant possession of the subject premises,

12

but ordered that Appellant take nothing from Appellee as damages or costs. Appellant filed this Appeal challenging that portion of the Final Judgment which denied an award for damages. Appellee filed a Cross-appeal challenging that portion of the Final Judgment which awarded possession of the laundry room to Appellant.

Appellant contends that the Trial Judge conducted no evidentiary hearings on the issue of damages, and therefore was without authority to enter Final Judgment. This Court agrees.

It is generally stated that a successor Judge may complete any acts uncompleted by his predecessor where it does require the successor to weigh and compare testimony heard by the previous Judge. *Bradford v Foundation & Marine Construction Co.,* 182 So.2d 447 (Fla. 2d DCA 1966) (citing 48 C.J.S. Judges Sec. 56a (1947)). A successor Judge that does not hear all the evidence may not enter a verdict or judgment based sorely upon a record of prior proceedings unless the parties so stipulate. Without such stipulation, the Judge must conduct a retrial before entering judgment. *Id* at 449; *See also Regis Corporation v Fusco Corporation,* 496 SO.2d 833 (Fla. 2d DCA 1986); *Paragon Group, Inc. v Hoeksema,* 475 So.2d 244 (Fla. 2d DCA 1985); *Thompkins Land and Housing, Inc. v White,* 431 So.2d 259 (Fla. 2d DCA 1983). It appears from the record that no such stipulation was made in this case.

Judge McClamma conducted a hearing after the interlocutory Order was issued by the original Trial COurt. The case file contains no transcript of that hearing; however, the transcript of a subsequent rehearing and the findings set forth in the Final Judgment indicate that the only issue before Judge McClamma was whether the original Trial Court had the authority to bifurcate the proceedings and reserve jurisdiction on the issue of damages. There is no indication in the record that evidence was presented before Judge McClamma regarding either the issue of damages, or the issue of possession.

Although Judge McClamma had the opportunity to review the entire case file, he did not have the opportunity to see and hear the evidence presented. Under the circumstances, he had no authority to enter Final Judgment on either the issue of damages or possession and should have conducted a retrial of the matter. Since a retrial may be necessary, this Court will address certain issues of law raised in this appeal.

First, Appellee asserts that the language of § 82.091, F.S., requires a single hearing to determine possession and damages, and therefore mandates against bifurcation of those issues. Section 82.091 states in pertinent part:

**13**

If the verdict is in favor of Plaintiff, the Court shall enter Judgment that Plaintiff recover possession of the property described in the complaint with his damages and costs, and shall award writ of possession to be executed without delay and execution for his damages and costs. Fla. Stat. 82.091 (1989).

On its face, the statute neither expressly permits, nor expressly precludes bifurcation of a trial.

The interpretation espoused by Appellee would restrict a party's ability to recover damages. Plaintiffs would be permitted to receive only those damages which could be proved when the possession issue is decided. There may be situations, however, where property is removed from premises which have been unlawfully entered or detained. In such cases, a party may not be able to determine accurately the amount of damages suffered until they are put back in possession and their property returned. Certainly, if was not the legislative intent to enact a statute so rigid as to deny Plaintiffs relief for damages which may not be ascertainable until after they retake possession.

This Court does not construe the foregoing statute to have the meaning which Appellee ascribes to it. "A statute should not be construed so as to bring unreasonable or absurd consequence when, considered as a whole, the statute is fairly subject to another construction which will aid in accomplishing the intent and purpose designed." *School Board of Marion County v Florida Public Employees Relations Commission*, 341 So.2d 819, 822 (Fla. 1st DCA 1977) (citing *State ex rel. Florida International Commission v Willis*, 124 So.2d 48 (Fla. 1st DCA 1960); and *Miller v State*, 297 So.2d 36 (Fla. 1st DCA 1974)). In this Court's view the interpretation urged by Appellee would create absurd and unreasonable consequences. An interpretation which better accomplishes the Statute's intent is one which provides the Court with the flexibility to make a complete determination of all issues before entering a final judgment, even when such determination requires more than one hearing.

Having decided Section 82.091, F.S., does not preclude bifurcation, this COurt next addresses whether bifurcation was permitted in this case under the Rules of Court. Since this action was brought under the jurisdiction of the County Court, a determination first must be made as to which set of procedural rules, Small Claims Rules or Rules of Civil Procedure, shall apply.

Appellant asserts the Florida Rules of Civil Procedure are applicable in this case, and thus bifurcation was properly permitted under Rules .270(b). The Rule provides that "[t]he Court in furtherance of conve-

14

nience or to avoid prejudice may order a separate trial . . . of any separate issue . . . or issues." Fla. R. Civ. P. 1.270(b). Appellee, on the other hand, asserts that the Small Claims Rules control here and therefore, the Rules of Civil Procedure do not apply. Appellee makes two arguments to support its claim. First, Appellee argues that the Small Claims Rules govern because Appellant elected to proceed under the Summary Procedure statute, Section 51.011, Florida Statutes. Second, Appellee argues that Appellant's damages do not meet the $2,500 threshold required to invoke the Rules of Civil Procedure.

Appellee's reliance on the Summary Procedure statute as mandating application of the Small Claims Rules is misplaced. The Summary Procedure statute applies to actions only when specified by Statute or Rule. Fla. Stat. 51.011 (1989). The statute states that "[r]ules of procedure apply to this action, [Section 51.011], except when this section or the statute or rule prescribing this section provides a different procedure." *Id.* The language of the statute clearly anticipates its application in matters brought before the County Court where different Rules of Procedure apply depending upon the amount of damages sought by a claimant. Consequently, a claimant's election to proceed under Section 51.011, F.S. does *not* necessarily require the application of the Small Claims Rules, and thus Appellee's argument must fail.

Likewise, Appellee's argument that the amount of Appellant's claim requires application of the Small Claims Rules also must fail. The County Court has jurisdiction over "all actions at law in which the matter in controversy does not exceed the sum of $5,000. . . . " Fla. Stat. 34.01(2)(c)(2) (1989). Nonetheless, the Small Claims Rules only apply to civil actions in the County Courts where the demand or value of property involved does not exceed $2500. SCR 7.010. Appellee asserts that Appellant's claim does not exceed $2500 and therefore the Small Claims Rules apply.

Appellees' assumption of the amount of damages is unsupported by the record. Appellant's Third Amended Complaint conforms to Civil Procedure Form 1.938 and does not include a demand for a specified amount of damages. Although this dispute over the Rules of Court would have been avoided with a well-pleaded complaint, Appellant's omission of a specific amount of damages does not automatically invoke the Small Claims Rules. In fact, failure to state the amount of a claim indicates that the Small Claims Rules should not govern.

Commencement of an action under the Small Claims Rules requires "filing a Statement of Claim in concise form which shall inform the

Defendant of the basis and *amount* of the claim." SCR 7.050(a)(1) (emphasis added). Appellant's Complaint failed to state the amount of the claim and therefore did not conform with this requirement. Instead, Appellant's Complaint mirrored a Form provided under the Rules of Civil Procedure. Thus Appellant is presumed to have made a good faith claim for damages in excess of $2,500, and the case shall be governed by the Rules of Civil Procedure.

In the present case the Trial Court was without authority to enter Final Judgment based solely on a review of the record. Accordingly, this Court reverses the Order of Final Judgment and remands the cause for retrial of the entire proceeding as outlined above. Since a retrial of the issues of possession as well as damages has been ordered, this Court need not address those issues on Cross-appeal.

DONE AND ORDERED in Chambers at Tallahassee, Leon County, Florida, this 2nd day of May, 1990.