297 So.2d 36 (1974)
John Mark MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. U-479.
District Court of Appeal of Florida, First District.
June 27, 1974.
*37 Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
McCORD, Judge.
The question presented on this appeal is whether or not the trial judge gave correct application to Section 921.161(1), Florida Statutes, F.S.A., (as amended by Ch. 73-71, Laws of Florida, 1973) in the credit he gave appellant for time spent in the county jail prior to sentence. Prior to the 1973 amendment, credit for jail time was permissive but it is now mandatory. Said statute now provides as follows:
"A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence."
Appellant was originally charged in a four count information with two counts of grand larceny and two counts of petit larceny. He entered pleas of guilty to four counts of petit larceny and was sentenced to 60 days in the county jail on each count to run consecutively. On sentencing him, the trial judge stated: "You will be given credit on the sentence or sentences for the number of days that you've already spent in jail."
At a subsequent time, appellant was brought back before the court due to a difference of opinion between the state and appellant as to the number of days credit the court had given appellant for jail time. The court in the original sentence had simply relied upon the sheriff or the clerk to calculate the jail time and apply it to the sentence. It is noted that such reliance was not in compliance with the foregoing statute as it requires that the judge specify in the sentence the period of time which is credited for jail time. This was corrected by the judge, however, when appellant was brought back before the court. After considerable discussion between the judge and counsel, the judge allowed appellant 33 days credit for jail time. Appellant contends this credit should have been 147 days.
When appellant was arrested on the foregoing charges, he made bond but was *38 subsequently arrested on charges of other offenses, some of which apparently were in another county and circuit (Taylor County). Because of these additional charges, appellant's bondsman went off of his bond for the offenses in this case. Appellant made bond again only to be re-arrested on additional charges and his bondsman again went off of his bond on these offenses. It appears from discussion between counsel and the trial judge that during part of the time appellant was in jail, he was released to Taylor County for disposition of the charges there. We do not have before us any record as to what credit was given to appellant, if any, for time spent in jail on disposition of any of these other charges.
Appellant contends that the trial judge was in error under the foregoing statute in not giving him credit on his sentences in this case for the full time he spent in jail awaiting disposition, not only of this case, but also of the other cases; that a defendant is entitled to credit on each sentence for the total time he is held in jail on multiple charges. We do not construe the foregoing statute to have the meaning which appellant ascribes to it, although under the facts of this case (which are not clear at this point) he may be entitled to credit on this sentence for the full time spent in jail. Certainly, it was not the legislative intent that a defendant be given credit on each sentence for the total time spent in the county jail awaiting disposition of multiple and separate charges. It is a fundamental rule of statutory construction that the courts will not ascribe to the Legislature an intent to create absurd consequences, thus, an interpretation avoiding absurdity is always preferred. See City of St. Petersburg v. Siebold, Fla., 48 So.2d 291. In our view the interpretation urged by appellant would create absurd consequences.
This case illustrates that the foregoing statute presents difficulties for its application by the trial courts. Under it, a defendant should, of course, be given full credit on his sentence or sentences by the court for time spent in jail awaiting disposition of a charge or charges against him; but where a defendant is held to answer for numerous charges, he is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition of multiple charges of cases. Conflict between the trial courts in interpreting and apply this statute will result in defendants being denied the jail time to which the statute entitled them or being credited with jail time to which they are not entitled. Such will, of course, result in a multiplicity of appeals. We, therefore, adopt the procedure hereafter set forth for applying the statute in the First District.
When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time. If the defendant's jail time exceeds the sentence or sentences pronounced by the first sentencing judge, the next sentencing judge shall give the defendant credit for such excess on the sentence pronounced by him. Since a defendant will not be given credit by the first sentencing judge for any jail time incurred prior to his incarceration on the offense or offenses for which the first sentencing judge sentences him, credit for such prior jail time shall be given him by the judge who sentences him for the offense for which he was held during such prior time. Each judge imposing sentence shall state in the sentence the period of time covered by any jail time allowance so that a judge imposing a subsequent sentence will not duplicate jail time credit.
Appellant further argues that the trial judge's allowance in this case of 33 days jail time increases the sentence he had *39 originally given him. We do not so view it. The only jail time credit given to appellant by the trial judge was 33 days; therefore, the only sentence he received was the total sentence of 240 days for all four counts, less 33 days jail time.
From the record it does not appear that the trial judge applied appellant's jail time credit in the manner in which we have here construed the statute. He is certainly not faulted for this, however, because this is the first time this point has been before us for statutory construction. This case must, therefore, be remanded for reassessment of appellant's jail time credit by the trial court in accordance with this opinion. A re-sentencing of appellant is not required; but the trial court may, in lieu thereof, enter an order correcting appellant's jail time credit. Credit given shall not duplicate any credit appellant may have subsequently been given on another sentence or other sentences.
Affirmed in part and reversed in part and remanded for the entry of an order in accordance with this opinion.
RAWLS, C.J., and JOHNSON, J., concur.