PER CURIAM.
The petitioner Torres, filed a 3.850 motion seeking a credit of 189 days on his sentence imposed November 17, 1981 for trafficking. He received only 21 days jail-time credit on his six-year sentence. We affirm the lower court’s denial of Torres’ petition for post-judgment relief.
Torres was arrested on a trafficking charge on May 12, 1981. He was also arrested on May 12, 1981 for violating his probation in connection with a prior conviction for burglary of a structure. He served 21 days in jail and then was released on the trafficking charge. He continued to be held in jail on the other charge until, and after, he was sentenced for the trafficking charge on November 17, 1981. The judge gave him 21 days of jail-time credit on his six-year trafficking sentence.
Torres was sentenced on December 4, 1981 for burglary to three years, and he received jail credit for six months served in 1980 plus the time served until sentencing on December 4, 1981. Torres argues here that the period of time between his arrest on May 12, 1981 and his sentencing on the trafficking charge, on November 17, 1981 (189 days), should have been credited against the first of the two sentences he received pursuant to Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974) and section 921.161(1), Florida Statutes (1981).
Section 921.161(1) provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence. (Emphasis added).
The statute does not deal with which sentence the credit should be applied to in the event a defendant is held on multiple charges and is sentenced at different times. As was noted by oür sister court, this statute presents difficulties in its application by trial courts[1] where there are multiple sentences.
In Miller, the defendant was arrested on one charge but was thereafter released on bond. Subsequently he was arrested on other charges, some of which related to crimes in other counties, and the bondsman went off his bond for the offenses involved in that case. When brought for sentencing on the first charge, Miller argued he should receive credit for jail time against all of his sentences.
The First District said a defendant was not entitled to duplicate credit against multiple charges. It adopted the following rule for the First District:
*326 When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time. If the defendant’s jail time exceeds the sentence or sentences pronounced by the first sentencing judge, the next sentencing judge shall give the defendant credit for such excess credit on the sentence pronounced by him. Since a defendant will not be given credit by the first sentencing judge for any jail time incurred prior to his incarceration on the offense or offenses for which the first sentencing judge sentences him, credit for such prior jail time shall be given him by the judge who sentences him for the offense for which he was held during such prior time. Each judge imposing sentence shall state in the sentence the period of time covered by any jail time allowance so that a judge imposing a subsequent sentence will not duplicate jail time credit. (Emphasis added).
Miller at 38.
Unlike Miller, Torres was held only 21 days on multiple charges. He was released on the trafficking charge after 21 days. Therefore, the total 189 days for which he seeks credit on the trafficking sentence would not apply to that charge because he was held to answer for multiple charges only 21 days. He properly received credit for the remainder of his jail time in the December 4, 1981 sentence.[2]
The trial court’s denial of Torres’ 3.850 motion' is
AFFIRMED.
DAUKSCH, COBB and SHARP, JJ., concur.

. Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).

. In fact, he got another credit for the same 21 days in the total credit applied to the burglary sentence.