PER CURIAM.
This appeal stems from an order revoking the defendant’s probation. We have reviewed the record in this respect and find no error. It appears, however, that in pronouncing sentence, the trial court failed to award the defendant credit for time served in the county jail. As the First District stated in Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974):
When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time.
Miller, 297 So.2d at 38.
Accordingly, we remand this case to allow the trial court to comply with the procedure in Miller and to properly credit the defendant’s sentence. In so doing, the court should also specify the exact dates of the defendant’s incarceration on the various charges for the purpose of developing an adequate record in the event further review becomes necessary. In all other respects, the order being appealed is affirmed.
REMANDED WITH INSTRUCTIONS.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.