POLEN, J.
Appellant, David Waithe, appeals a final order of judgment and restitution, entered as the result of a conviction for violation of probation. Waithe previously served time for four separate violations of probation. At the sentencing hearing for the instant violation, the trial court noted that the record indicated that Waithe should receive credit for 568 days time served. The State disagreed with this amount, arguing that Waithe should receive credit only for the time served for this particular violation of probation. Defense counsel objected, arguing that Waithe should receive credit for all time served on this and the previous violations. The trial court agreed with the State and sentenced Waithe to two years in prison, with credit for time served of 73 days. We disagree with the trial court’s determination and reverse and remand for resen-tencing.
Section 921.161(1), Florida Statutes, provides, in relevant part: “[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” § 921.161(1), Fla. Stat. “The award of jail time credit is mandatory under section 921.161, Florida Statutes, unless the record clearly shows that the defendant waived his or her entitlement to such credit.” Briggs v. State, 929 So.2d 1151, 1153 (Fla. 5th DCA 2006). The credit for time served includes any portion of jail time served for prior violations of probation. See Tomiuk v. State, 663 So.2d 681 (Fla. 5th DCA 1995) (“jail time credit is not forfeited when a defendant is resentenced as a result of a violation of probation or community control”).
We reverse and remand for re-sentencing. On remand, the trial court shall conduct a sentencing hearing to determine the appropriate amount of time served that will be credited against Waithe’s original two-year sentence.
KLEIN and MAY, JJ., concur.