HAZOURI, J.
The Appellant, Tyrone Davis, challenges the denial of his motion to correct sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which sought additional credit for time served in the county jail. Davis alleged that he was entitled to credit for 1,051 days toward his violation of probation sentence. During the sentencing hearing, the court awarded him credit for “every day previously served.” The written sentencing order awarded credit for 1,012 days.
We review the order denying the requested relief de novo. Willard v. State, 22 So.3d 864, 864 (Fla. 4th DCA 2009) (citation omitted). Section 921.161(1), Florida Statutes (2010), provides that “the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” In the context of a violation of probation sentence, a defendant is entitled to all time spent in jail prior to being sentenced and after being sentenced on the underlying charge. Robinson v. State, 827 So.2d 345, 345 (Fla. 4th DCA 2002) (citation omitted). A defendant is also entitled to credit for time served in jail for *1057 the current violation of probation and prior violations of the same probation. Waithe v. State, 941 So.2d 534, 535 (Fla. 4th DCA 2006) (citation omitted). Credit is mandatory unless the record clearly reflects that the defendant waived such credit. Id.
In its response to the motion, the State cited Gathers v. State, 838 So.2d 504 (Fla.2003), as support for its contention that Davis was not entitled to additional credit. However, Gethers does not apply as it addresses credit for time served on unrelated offenses in different counties where a detainer was placed on the defendant while he was in another county but an issued warrant was never executed. In the instant case, the records before the trial court indicate those circumstances are not present.
The State also cited Daniels v. State, which holds that a defendant is entitled to credit for time spent in jail on multiple charges if the sentences run concurrently. 491 So.2d 543, 545 (Fla.1986). Although the record reflects that Davis received a consecutive sentence for the new offense, he was sentenced first for the violation of probation. “When consecutive sentences are imposed, a defendant must be given jail credit only on the first of the consecutive sentences.” Ransone v. State, 20 So.3d 445, 448-49 (Fla. 4th DCA 2009). This is so even if the defendant is held on other charges during some or all of that time. Davis v. State, 473 So.2d 46, 46 (Fla. 4th DCA 1985) (citing Miller v. State, 297 So.2d 36, 38 (Fla. 1st DCA 1974)).
The records attached to the motion reflect that Davis served 1,050[1] days in jail for the underlying offense, the instant violation of probation, and previous violations of the same probation. The records attached to the State’s response and incorporated into the order denying relief do not conclusively refute that Davis is entitled to the credit he requested. Moreover, the trial court’s order did not make it apparent what portion of the 1,050 days it was not crediting.
Because the records before the trial court did not refute the claim of entitlement to additional credit, we reverse and remand for further proceedings. We recognize that records may exist which refute the claim for additional credit. Therefore, on remand, the trial court may again deny the motion if it attaches records to its order that conclusively refute that Davis is entitled to additional credit. Otherwise, the court must award Davis credit for all time served in the county jail on the underlying offense, the instant violation of probation, and previous violations of the same probation.

Reversed and remanded.

POLEN and LEVINE, JJ., concur.

. One of the 1,051 days claimed by Davis appears to be for an unrelated traffic offense.