FORST, J.
Reasee, the defendant below (“the defendant”), appeals the trial court’s order correcting his sentence. The defendant argues that the court should have awarded credit for 478 days of pre-sentence jail time, rather than the 451 days of pre-sentence jail time that were credited to his sentence. We agree and reverse.
The defendant was initially charged with violating his probation (“VOP-I”), and a violation of probation hearing was held on February 17, 2011. The defendant appeared in court and pled guilty to the violation of probation. Before the defendant was taken from the courtroom, he was observed threatening the victim, who was in attendance. The presiding judge deemed this to be a new violation of probation (“VOP-II”). The presiding judge then sentenced the defendant on VOP-I, and contemporaneously ordered that the defendant be held until further order from the court as to VOP II. At the judge’s direction, a violation of probation warrant for VOP-II was executed on March 18, 2011. The defendant was sentenced on VOP-II on November 21, 2011.
The defendant filed a motion to correct his sentence for VOP-II, arguing that the trial court should give him credit for 478 days of pre-sentence jail time. The State agreed to a 451-day credit, but it argued that the twenty-seven days the defendant spent in jail between February 17, 2011 and March 17, 2011 were not pre-sentence jail time. The trial court agreed with the State and awarded credit for only 451 days of pre-sentence jail time. It is the time between February 17, 2011 and March 17, 2011 which is the subject of the instant appeal. We hold that the trial court should have considered this time to be pre-sentence jail time because it was time served in jail prior to being sentenced on VOP-II.
*695 “[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” Waithe v. State, 941 So.2d 534, 535 (Fla. 4th DCA 2006) (quoting § 921.161(1), Fla. Stat. (2011)). This credit for time served is mandatory under section 921.161 and includes any portion of jail time served for the current violation of probation and prior violations of the same probation. Id,.; Davis v. State, 88 So.3d 1055, 1056-57 (Fla. 4th DCA 2012).
The twenty-seven days that the defendant spent in jail between February 17 and March 17, even if these days coincided with the period that the defendant was in county jail awaiting transfer to prison on the VOP-I sentence, should be counted as pre-sentence jail time for the VOP-II sentence. The record reflects that the defendant was held on VOP-II beginning on February 17, 2011, and remained in jail until November 21, 2011, when he was finally sentenced on VOP-II.
The cases cited by the State support the proposition that the defendant must seek jail time credit from the Department of Corrections for any time served in jail after sentencing, but before transfer to state prison. See, e.g., Smith v. State, 932 So.2d 594, 595 (Fla. 5th DCA 2006). Such is not the case here. In this case, the judge presiding over the original VOP-I hearing ordered the defendant held until further notice as to VOP-II at the time this second violation occurred on February 17, 2011. The twenty-seven days between February 17 and March 17 were served before the defendant was sentenced on VOP-II; therefore, the defendant is entitled to have his sentence on VOP-II corrected to reflect credit for those twenty-seven days.
Accordingly, we remand this case for proceedings consistent with this opinion.

Reversed.

GROSS and MAY, JJ., concur.