IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 41174

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DAMENIEL PRESTON OWENS,

    Defendant-Appellant.

Boise, September 2014

2015 Opinion No. 15

Filed: February 9, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

District court order on credit for time served, <u>vacated</u> and <u>remanded.</u>

Sara B. Thomas, Idaho State Appellate Public Defender, Boise, for appellant. Sally Jane Cooley, Deputy Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

_____

BURDICK, Chief Justice

This appeal arose from the Twin Falls County district court's denial of Dameniel Owens's motion for credit for time served. In that denial, the district court specified that Owens would only receive credit for his prejudgment time served in a county jail on one of his eight counts of issuing a check without funds. Owens argues that Idaho Code section 18-309 plainly and unambiguously requires the district court to credit his prejudgment time served to each of his eight counts. Owens contends that we should overrule *State v. Hoch*, 102 Idaho 351, 630 P.2d 143 (1981), because in that case the Court improperly went beyond the statute's plain meaning to hold that the legislature intended a defendant could not receive credit for each separate crime. We overrule *State v. Hoch*, vacate the district court's order denying Owens's motion for credit for time served, and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Owens pled guilty to eight counts of issuing a check without funds. On December 17, 2012, the Twin Falls County district court sentenced Owens to unified terms of fifteen months in prison with six months fixed for each charge. The court ordered the eight counts to run consecutively to each other and concurrently with one count of grand theft in Ada County. The court ordered that Owens would receive credit against his sentence for time previously served.

Owens filed a motion for credit for time served. In that motion, Owens specified that he only received credit for prejudgment time served on one of the eight counts of issuing a check without funds. Owens argued that he should have received this credit on each one of the eight counts. Owens acknowledged that Idaho Supreme Court precedent in *State v. Hoch* held that time served would not be credited for each count. However, he asked the district court to reject *Hoch* as "manifestly wrong, unjust, or unwise" and credit him his prejudgment time served for each of the eight counts he pled guilty to.

The district court denied Owens's motion on May 22, 2013, noting that Owens would receive credit for time served only on one count of issuing a check without funds. Owens timely appealed.

## II. STANDARD OF REVIEW

We exercise free review over statutory interpretation because it is a question of law. *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). Our objective when interpreting a statute is "to derive the intent of the legislative body that adopted the act." *Id*. (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Statutory interpretation begins with the statute's plain language. *Dunlap*, 155 Idaho at 361, 313 P.3d at 17. This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. *Id.* When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction. *Id.* at 361–62, 313 P.3d at 17–18.

## III. ANALYSIS

**A. Idaho Code section 18-309 allows a defendant to receive credit on multiple charges for prejudgment time served and therefore requires this Court to overrule *State v. Hoch*.**

Idaho Code section 18-309 governs sentencing credit for pre- and postjudgment time served. That statute states:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

I.C. § 18-309. This appeal focuses on Idaho Code section 18-309's first sentence, which governs credit for prejudgment time served. That part of the statute requires courts to give a person credit on his sentence for the time he served in jail before he was convicted of or pled guilty to his crime. *Law v. Rasmussen*, 104 Idaho 455, 457, 660 P.2d 67, 69 (1983).

This Court has interpreted Idaho Code section 18-309 as prohibiting a court from crediting prejudgment confinement towards more than one count of a concurrent sentence. *State v. Hoch*, 102 Idaho 351, 630 P.2d 143 (1981). In *Hoch*, a defendant argued that he should have been credited 383 days he spent in prejudgment confinement on each of his two consecutive sentences. *Id.* at 352, 630 P.2d at 144. The Court stated:

> A statute is to be construed in consideration of the reason for the statute, its object and purpose and thereby ascertain and render effective the legislative intent. We hold that the purpose of I.C. § 18-309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction. We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes.

*Id.* (internal citations omitted). Subsequent Idaho Court of Appeals cases have addressed this issue and applied *Hoch*'s reasoning. *See State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (holding that Idaho Code section 18-309 does not allow the defendant to receive credit for more time than he has actually been in confinement); *See also State v. Vasquez*, 142 Idaho 67, 69, 122 P.3d 1167, 1169 (Ct. App. 2005) (holding that "where two or more charges form multiple bases for the defendant's presentence confinement, the defendant is entitled to credit against each sentence imposed on those charges *as long as* the credit would not be duplicative").

Owens argues that Idaho Code section 18-309 is unambiguous and has only one reasonable interpretation: that a defendant receives credit for prejudgment time served on each sentence for each count. The State contends that Owens asks for credit for more time than he actually spent in prejudgment confinement by multiplying his time by the number of sentences.

3

The State argues this Court should reject Owens's interpretation and continue to follow *Hoch* because it ensures that a defendant receives credit for time actually served before the court entered a judgment, but not more.

1. Idaho Code section 18-309's plain language is unambiguous.

Idaho Code section 18-309's language plainly gives credit for prejudgment time in custody against each count's sentence. The statute does not limit that credit in any way. First, Idaho Code section 18-309 mandates that a court gives a defendant credit for his time served because the statute states that a person "shall" receive credit. Second, section 18-309 specifies that a person "shall receive credit in the judgment for *any* period of incarceration prior to entry of judgment . . ." I.C. § 18–309 (emphasis added). The statute continues to provide that a defendant gets the credit only on a requirement that incarceration was for "the offense or an included offense for which the judgment was entered." The statute has a mandatory directive that specifically conditions credit for time served on the fact that the incarceration was for "the offense" for which the judgment was entered. While the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" simply describes the type of incarceration that a defendant gets credit for. This indicates that as long as the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the court gives the defendant that credit. If the legislature had delineated credit for incarceration for "each case" or another description other than "the offense," the outcome would be different.

Here, Owens was incarcerated before trial. He was in jail for multiple counts of issuing a check without funds before he pled guilty. After Owens was convicted, the court sentenced him for eight different offenses of issuing a check without funds. Thus, he gets credit for the prejudgment time he served on each of the eight separate offenses. We hold Idaho Code section 18-309's plain language unambiguously states that a defendant receives credit for time served on each of his offenses, whether to be served concurrently or consecutively.

Consecutive sentences are served in order, and one sentence does not begin until the other sentence ends. For example, a defendant sentenced to 100 days consecutively for eight counts will serve 800 days in jail. However, if that defendant served 50 days in jail before he was convicted of the eight counts, he gets 50 days credit for each of those 100 day sentences. He then has 50 days left to serve on the first count. When that time is served, he has 50 days left to serve

4

on the second count. And so it continues for each count in the judgment. However, when a defendant is sentenced to a concurrent sentence, he serves all his sentences at the same time. That means that if he is sentenced to 100 days for eight counts, he will serve 100 days total for all eight counts. If that defendant gets 50 days of prejudgment credit, he will get that credit towards all eight counts at the same time. He will then only serve 50 more days in jail. This is how the statute's plain language requires courts to apply credit for time served.

    2. *Hoch* was incorrectly decided and manifestly wrong.

Stare decisis requires that this Court follows controlling precedent unless that precedent is manifestly wrong, has proven over time to be unjust or unwise, or overruling that precedent is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *State v. Grant*, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013). The State argues that Owens failed to show any of these circumstances are present.

However, the Court's reasoning in *Hoch* incorrectly looked at legislative intent when Idaho Code section 18-309 is unambiguous. Indeed, the Court never even mentioned whether it found the statute unambiguous. *Hoch*, 102 Idaho at 352, 630 P.2d at 144. The Court stated, "the purpose of I.C. § 18-309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction." *Id.* The Court further reasoned that the legislature did not intend that a person convicted of consecutive sentences could have his "credit pyramided simply because he was sentenced to consecutive terms for separate crimes." *Id.*

The fact that *Hoch* overlooked the statute's plain language is manifestly wrong. "We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *City of Sun Valley v. Sun Valley Co.*, 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)). At the time of the *Hoch* decision, the Court could only go beyond a statute's unambiguous plain meaning when "a literal reading of a provision will work an unreasonable or absurd result . . . ." *Hoch*, 102 Idaho at 355, 630 P.2d at 147 (Bistline, J., dissenting) (quoting *Eberle v. Nielson*, 78 Idaho 572, 581, 306 P.2d 1083, 1088 (1957)). However, we have foreclosed the possibility that *Hoch* implicitly held Idaho Code section 18-309 absurd or unreasonable: "we have never revised or voided an unambiguous statute on the

ground that it is patently absurd or would produce absurd results when construed as written, and we do not have the authority to do so." *Verska*, 151 Idaho at 896, 265 P.3d at 509. Thus, *Hoch* erroneously relied on the statute's legislative purpose without finding the statute was ambiguous.

Further, the Court could not have correctly found Idaho Code section 18-309's language implicitly ambiguous. Justice Bistline's dissent in *Hoch* points out two cases that clarify why holding the statute ambiguous is wrong. The *Hoch* majority cited *Miller v. State*, 297 So.2d 36 (Fla. Dist. Ct. App. 1974), to support its view of legislature's intent. *Hoch*, 102 Idaho at 352, 630 P.2d at 144. However, that case was based on a Florida statute that was not similar to Idaho's statute. The Florida statute provided: "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." *Hoch*, 102 Idaho at 355, 630 P.2d at 147 (quoting F.S.A. § 921.161(1)). That Florida statute did not tie the defendant's time credit to his charged crimes, contrary to Idaho Code section 18-309's requirement that a defendant "shall receive credit . . . if such incarceration was for the offense or an included offense for which the judgment was entered."

Conversely, a New York court held that prejudgment jail time could be applied to each charge when that court examined a statute similar to Idaho's. *People v. Malcolm*, 379 N.E.2d 156 (N.Y. 1978). That New York statute provided:

> The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.

*Hoch*, 102 Idaho at 355, 630 P.2d at 147 (quoting N.Y. Penal Law § 70.30(3)). The statute tied the credit received on a sentence to the charge the defendant was originally jailed for and to the sentence imposed for that charge, which made it similar to Idaho's statute. *Hoch*, 102 Idaho at 355, 630 P.2d at 147. This led Justice Bistline to comment that *Malcolm* was "extremely persuasive." *Id.* Both the New York statute's similarity to Idaho Code section 18-309 and the Florida statute's differences support our reading of Idaho's statute.

We hold that (1) Idaho Code section 18-309's language unambiguously requires courts to credit a defendant any prejudgment incarceration served on each count and (2) *State v. Hoch* incorrectly relied on an assumed legislative intent that conflicts with the statute's plain language. Thus, *Hoch* was manifestly wrong, and we overrule *Hoch* to vindicate plain, obvious principles

6

of law. We therefore hold a defendant receives credit for any prejudgment incarceration served on each of his consecutive sentences.

## B. Idaho Code section 18-309 will not be applied retroactively on collateral review.

Finally, we must determine whether we will apply this decision retroactively. We explicitly adopted the retroactivity test from *Teague v. Lane*, 489 U.S. 288 (1989), for criminal cases on collateral review. *Rhoades v. State*, 149 Idaho 130, 133, 233 P.3d 61, 64 (2010); *Fields v. State*, 149 Idaho 399, 401, 234 P.3d 723, 725 (2010). The general rule from *Teague* is that our current interpretation of a new criminal procedural rule does not apply retroactively to cases already final when a new rule is announced. *Teague*, 489 U.S. at 310; *Rhoades*, 149 Idaho at 139, 233 P.3d at 70. However, a new rule applies retroactively when it meets one of two exceptions: (1) the rule substantively alters punishable conduct or (2) the rule is a "watershed" rule implicating the fundamental fairness of the trial. *Teague*, 489 U.S. at 311; *Rhoades*, 149 Idaho at 139, 233 P.3d at 70. We have explained that *Teague*'s approach "advances an important interest: the finality of judgments" and "generally avoids the retroactive application of a new rule of law to judgments, based upon trials that were not fundamentally unfair and had adequate truth-finding procedures, that were final when the new rule was announced." *Rhoades*, 149 Idaho at 138, 233 P.3d at 69.

The threshold question in applying the *Teague* test is whether a case announces a new rule. *See State v. Mares*, 335 P.3d 487, 505 (Wyo. 2014). Generally a case announces a new rule "when it breaks new ground or imposes a new obligation" on states. *Teague*, 489 U.S. at 301. In other words, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (emphasis in original). We have never before interpreted Idaho Code section 18-309 as adding credit for time served to each consecutive count in a judgment. Because we are now interpreting section 18-309 in a way that was not dictated by precedent, this case announces a new rule.

We will not apply this new rule retroactively to cases on collateral review unless the rule meets one of the two exceptions articulated in *Teague*. *Rhoades*, 149 Idaho at 139, 233 P.3d at 70. The first exception requires a substantive rule. *Id.* A rule is substantive when it alters the range of conduct or the class of persons that the law punishes. *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). Conversely, rules that regulate only the manner of determining the defendant's culpability are procedural. *Id.* The second exception is a watershed rule implicating a criminal

proceeding's fundamental fairness. *Sawyer v. Smith*, 497 U.S. 227, 241–42 (1990). A rule is a watershed rule when it improves accuracy and alters an understanding of the bedrock procedural elements essential to a proceeding's fairness. *Id.* at 242.

This Court's interpretation of Idaho Code section 18-309's plain language meets neither exception. First, the statute's plain language does not alter the class of persons or the conduct the law punishes. The statute only alters the amount of time a person spends incarcerated after the court determines he committed punishable conduct. Second, the statute is not a watershed rule implicating a trial's fundamental fairness because defendants sentenced under the statute still received a fair plea, trial, and sentencing. The statute only affects the punishment after trial. Also, the trial court already had discretion to sentence the defendant to concurrent counts or consecutive counts. In sum, our new rule does not meet either exception. Therefore, we apply this Court's new interpretation of Idaho Code section 18-309's plain language only prospectively and to cases now on direct review.

### IV. CONCLUSION

We overrule *State v. Hoch*, vacate the district court's order denying Owens's motion for credit for time served, and remand for proceedings consistent with this opinion.

Justices EISMANN and HORTON, **CONCUR.**

J. JONES, Justice, dissenting.

I dissent from the Court's opinion because there is no legal basis for limiting a trial judge's discretion to impose consecutive terms of imprisonment in order to establish a minimum period of incarceration, which is what the trial court did in this case. Idaho judges had the ability to do so under the common law and Idaho Code section 18-309 does not limit that ability. The language at issue in Section 309 merely requires that a credit for time served prior to sentencing be for the offense for which the person is convicted. In order to answer the question posed in this case we must examine more than this one tree in the sentencing forest. Idaho Code section 18-309 deals with computation of a single "term" of imprisonment. It does not deal with the issue of consecutive "terms" of imprisonment for multiple convictions. That subject is addressed in Idaho Code section 18-308.

Idaho Code sections 18-308 and 18-309 were both enacted into law on March 27, 1972, as part of a comprehensive re-write of Idaho's criminal statutes. 1972 Idaho Sess. Laws, ch. 336, § 1, p. 358. Section 308 initially read:

8

When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

As initially enacted, Section 309 did not contain a provision for reduction of the prison term for time served. However, four days later in the 1972 legislative session, the Legislature further amended both sections. 1972 Idaho Sess. Laws, ch. 381, §§ 6 and 7, pp. 1105−06. With respect to Section 308, the Legislature deleted "must" in the third line and substituted "in the discretion of the court, may." It is unclear why the Legislature made such a quick turnabout—giving a sentencing court discretion whether to have multiple terms of imprisonment served consecutively rather than mandating that they be served consecutively—but it may be that the Legislature became aware of this Court's decision in *State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971), which was decided just months earlier. In that case, the Court struck down a statute requiring a minimum ten-day jail sentence for drunk drivers "without any right to exercise judicial discretion in the matter." *Id.* at 241, 486 P.2d at 252. The Court held that the Legislature's action impermissibly infringed on the inherent authority of the judiciary under the Idaho Constitution. *Id.* It said:

> This court always must be watchful, as it has been in the past, that no one of the three separate departments of the government encroach upon the powers properly belonging to another. Thus we reach the decision in this case both as a matter of construction of the constitution of this state and to effect a more rational application of law and policy.

*Id.*[1]

The context and effect of the 1972 amendment of Section 308 was analyzed by this Court in *State v. Lawrence*, 98 Idaho 399, 565 P.2d 989 (1977), as follows:

> At common law the courts had discretionary power to impose a consecutive sentence and permissive legislation was not necessary. . . . In Idaho the common law is the rule of decision in cases not otherwise provided for by statute. I.C. § 73-116. Unless the legislature intended I.C. § 18-308 to abrogate entirely the common law rule pertaining to consecutive sentences and prohibit the court from imposing consecutive sentences except in the narrow range of cases

---

[1] The Idaho Constitution was subsequently amended in 1978 to permit the Legislature to establish mandatory minimum sentences that could not be reduced by the courts, but the amendment did not purport to affect the inherent authority of Idaho courts in other aspects of sentencing. Idaho Const., art. V, § 13.

which meet the requirements of that section,[2] the district court in this case would have had common law authority to impose the consecutive sentence. We find no evidence in I.C. § 18-308, either before or after the amendment in 1972, of any legislative intent to abrogate or modify the common law rule with respect to cases not falling within the scope of I.C. § 18-308.

*Id.* at 400−01, 565 P.2d at 990−91. The Court continued:

The former § 18-308 intended to modify the common law rule to the extent that the courts apparently were mandated to impose consecutive sentences in cases within the scope of that section. There was nothing in that section which indicated that the legislature intended to deprive the courts of this common law authority to impose consecutive sentences in other cases. On the contrary, I.C. § 18-308 indicates an opposite intention.

In 1972 the legislature amended I.C. § 18-308, substituting "in the discretion of the court, may", for the word "must". I.S.L. 1972, ch. 381, § 6, p. 1102. Thus, the statute which, prior to its amendment in 1972, mandated consecutive sentences in some cases was changed by eliminating the mandatory language—perhaps in response to this Court's opinion in *State v. McCoy*, *supra*. *McCoy* held that the courts held certain constitutional sentencing discretion which the legislature could not impair. Viewed in that setting we find nothing in the amended I.C. § 18-308 indicative of any legislative intent to change the statute so as to prohibit consecutive sentences. On the contrary, the primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute.

*Id.*

This Court recently addressed the matter in *State v. Cisneros-Gonzalez*, 141 Idaho 494, 496, 112 P.3d 782, 784 (2004), as follows:

Idaho Code § 18-308 is not the source of a court's authority to impose a cumulative sentence. *State v. Lawrence*, 98 Idaho 399, 565 .2d 989 (1977). Under the common law, the courts in Idaho have discretionary power to impose cumulative sentences. *Id.* Prior to 1972, that common-law authority was modified slightly. Former Idaho Code § 18-308 required consecutive terms of imprisonment in cases that fell within its provisions. *Id.* In 1972 the statute was amended to make the imposition of consecutive sentences discretionary in the cases within its scope. "[T]he primary effect of the amendment was essentially to reinstate the common law rule which had been modified by the prior statute." 98 Idaho at 401, 565 P.2d at 991.

As noted above, Sections 308 and 309 were initially enacted in the same legislative measure in 1972 and days later amended in the same legislative measure during the same

---

[2] Here, the Court inserted a footnote reading: "Assuming the legislature has the power to do so. *See State v. McCoy*, 94 Idaho 236, 486 P.2d 247 (1971)."

session. Section 309 did not initially contain a time served provision. It merely provided that a term of imprisonment in a criminal action commenced to run only when the defendant was actually delivered to the place of imprisonment. However, at the same time Section 308 was amended to recognize and restore a trial court's discretion to impose successive terms of imprisonment for persons before the court with two or more convictions, Section 309 was amended to provide that "[i]n computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or included offense for which the judgment was entered." The last phrase was merely intended to require that the credit for time served apply to the offense for which the prison term is ultimately imposed, rather than some other charge that the defendant may have been jailed for prior to conviction and sentencing.

When interpreting statutes, it is critical to determine the Legislature's intent. "This Court freely reviews the interpretation of a statute and its application to the facts. The primary function of the court is to determine and give effect to the legislative intent. Such intent should be derived from a reading of the whole act at issue." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009). Interpretation of Section 309 necessarily requires consideration of Section 308. Section 308 bears the title "successive terms of imprisonment" and acknowledges the discretion of the trial court to impose successive terms of imprisonment where a person is convicted of two or more crimes. The second term of imprisonment commences only upon the termination of the first term of imprisonment, and so on. Section 309 does not deal with the issue of multiple terms of imprisonment. It is worded entirely in the singular—"the term" and "the offense." It bears the title "computation of term of imprisonment," and merely provides a condition on the entitlement to a credit for time served. The Legislature undoubtedly intended to tie the credit received to the reason for the prejudgment incarceration. The clause is intended to prevent a defendant from claiming credit for prejudgment incarceration when the period of incarceration was entirely unrelated to the judgment. That goal is achieved so long as credit for the prejudgment incarceration is granted only where the defendant is judged guilty of some offense which the defendant was incarcerated for prior to judgment. There is absolutely nothing in the section suggesting that the defendant receives multiple credits for multiple additional offenses. To read it in that fashion would essentially gut the trial court's ability to impose minimum fixed terms of imprisonment pursuant to Idaho Code

11

section 19-2513 that the trial court determines in its discretion should be served consecutively, one after the other. It would also infringe on the trial court's common law authority to impose consecutive sentences. There is nothing in the statutory history of Sections 308 and 309 that indicates a legislative intent to do so.

Section 308 has not been amended since 1972. Section 309 was amended in 1975 in a fashion not relevant here. 1975 Idaho Sess. Laws, ch. 201, § 1, p. 559. Section 309 was again amended in 1996 to add "in the judgment" following "credit." 1996 Idaho Sess. Laws, ch. 167, § 1, pp. 552−53.

Section 309 was first definitively interpreted in 1981. *State v. Hoch*, 102 Idaho 351, 630 P.2d 143 (1981). There, we held

> that the purpose of I.C. § 18-309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction. We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes. *See Miller v. State*, 297 So.2d 36 (Fla. App. 1974).

*Id.* at 352, 630 P.2d at 144. The Court did not perform an extensive analysis of the text of Section 309 but did cite to *Miller v. State*, a decision of the district court of appeal of Florida and apparently was swayed by the language contained therein. Although the Florida court was dealing with a statute worded somewhat differently than Section 309, the defendant-appellant there contended "that a defendant is entitled to credit on each sentence for the total time he is held in jail on multiple charges." 297 So.2d at 38. The court said in response:

> Certainly, it was not the legislative intent that a defendant be given credit on each sentence for the total time spent in the county jail awaiting disposition of multiple and separate charges. It is a fundamental rule of statutory construction that the courts will not ascribe to the Legislature an intent to create absurd consequences, thus, an interpretation avoiding absurdity is always preferred. . . .
>
> This case illustrates that the foregoing statute presents difficulties for its application by the trial courts. Under it, a defendant should, of course, be given full credit on his sentence or sentences by the court for time spent in jail awaiting disposition of a charge or charges against him; but where a defendant is held to answer for numerous charges, he is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition of multiple charges of cases. . . .
>
> When a defendant is held in jail to answer for multiple charges or cases, the first sentencing judge who sentences him to jail or to the state prison shall give him credit on the sentence or sentences in that case for all time spent in jail

12

between the date of his arrest in that case and the date of such sentence even though the defendant may have also been held to answer for other charges during some or all of such time. If the defendant's jail time exceeds the sentence or sentences pronounced by the first sentencing judge, the next sentencing judge shall give the defendant credit for such excess on the sentence pronounced by him.

*Id.* (capitalizations in original).

The *Hoch* Court's interpretation of Section 309 has stood as the law of this State from 1981 until the date of this opinion. It had been the law of the State for 15 years when the Legislature amended Section 309 in 1996. Between 1981 and 1996, there were several Court of Appeals cases dealing with the question whether a defendant should receive a single credit or multiple credits for prejudgment incarceration when charged with multiple offenses. *See State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (holding that a defendant convicted of multiple offenses and sentenced to concurrent sentences was not entitled to receive credit for each sentence); *Matthews v. State*, 113 Idaho 83, 87, 741 P.2d 370, 374 (Ct. App. 1987) (holding that defendant was properly denied credit for each of two consecutive sentences). If the Legislature was unhappy with the manner in which Idaho courts had been applying Section 309 under the *Hoch* decision, it certainly could have attempted to change the *Hoch* interpretation when it amended that section in 1996. It did not do so. "It is assumed that when the legislature enacts or amends a statute it has full knowledge of the existing judicial decisions and case law of the state." *George W. Watkins Family v. Messenger*, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). And, "[t]he legislature is presumed not to intend to overturn long established principles of law unless an intention to do so plainly appears by express declaration or the language employed admits of no other reasonable construction." *Id.* Further,

the Legislature is presumed to be aware of this Court's earlier decisions. Certainly, our Legislature knows how to abrogate decisions from this Court. This Court will not interpret a statute as abrogating the common law unless it is evident that was the Legislature's intent.

*Pioneer Irr. Dist. v. City of Caldwell*, 153 Idaho 593, 601−02, 288 P.3d 810, 818−19 (2012) (internal citations omitted).

Courts that have interpreted statutes like Idaho's have uniformly interpreted them as permitting or requiring trial courts to apply a single credit for prejudgment incarceration where a defendant is convicted of multiple offenses and receives consecutive sentences. *See, e.g., State v. Tauiliili*, 29 P.3d 914, 918 (Haw. 2001) ("Courts in other jurisdictions having similar statutes

13

agree that a defendant who receives consecutive sentences is entitled to a presentence credit only once against the aggregate of the consecutive terms . . . ."); *Blankenship v. State*, 763 A.2d 741, 743 (Md. Ct. App. 2000) (stating the court's view that a defendant is not entitled to multiple credits for each offense "is in line with the undeviating resolution of the same issue by our sister states under virtually identical 'credit for time served' statutes"); *State v. Sanchez*, 520 N.W.2d 33, 36 (Neb. Ct. App. 1994) (noting that courts have uniformly interpreted statutes like Nebraska's as permitting only a credit against the aggregate sentence and including citations to many such cases); *State v. Boettcher*, 423 N.W.2d 533, 539 (Wis. 1988) ("The total time in custody should be credited on a day-for-day basis against the total days imposed in the consecutive sentences."); *Endell v. Johnson*, 738 P.2d 769, 771 (Alaska Ct. App. 1987) (noting that courts in other jurisdictions with similar statutes have uniformly interpreted them as requiring only one credit against the aggregate sentence); *State v. Arcand*, 403 N.W.2d 23, 24 (N.D. 1987) (holding "that jail credit should be applied only to the first of consecutive sentences"); *Effinger v. State*, 380 N.W.2d 483, 489 (Minn. 1986) (holding that "in situations of consecutive sentences, the jail credit should be applied to only the first sentence since to do otherwise would constitute 'double credit'"); *State v. Aaron*, 703 P.2d 915, 917 (N.M. Ct. App. 1985) ("Other jurisdictions with [similar] statutes . . . have held that credit is not to be multiplied by the number of different sentences imposed."); *State v. Sodders*, 633 P.2d 432, 439 (Ariz. Ct. App. 1981) (holding that Arizona's statute "does not require that presentence incarceration credit must be given on each consecutive sentence imposed").

In interpreting their statutes, these courts have been guided by considerations involving the policies that motivate the statutes and the effect of interpreting them as requiring a credit for each consecutive sentence. "The purpose of statutes which require the granting of credit for presentence incarceration is to assure that the equal protection rights of indigent defendants who cannot afford to post bond are not violated." *State v. Sanchez*, 520 N.W.2d 33, 37 (Neb. Ct. App. 1994). An indigent defendant who cannot secure a bond would, absent such a statute, end up serving more time than a well-heeled defendant who did secure a bond. No similar considerations motivate providing a credit for each consecutive sentence. Both the indigent and well-heeled defendant will have served the same time on their consecutive sentences if credit for the prejudgment incarceration is applied to only one of the indigent defendant's consecutive

14

sentences. *Id.* In fact, providing multiple credits would lead to an inequitable situation in the other direction:

> [A]n interpretation contrary to that prevailing in other jurisdictions would lead to anomalous results. Offenders arrested on multiple charges who managed to secure release on bail and later received consecutive sentences would actually be penalized for posting bail; they would be required to serve the full length of their consecutive terms, whereas similarly situated offenders who did not post bail would be entitled to credit against each of their sentences.

*Endell v. Johnson*, 738 P.2d 769, 771 (Alaska Ct. App. 1987). Similarly, courts have emphasized that interpreting such statutes as requiring multiple credits "would be incompatible with the basic purpose of consecutive sentencing and might tend to defeat the intent of sentencing judges." *Id.* Finally, courts have noted that the interpretation advanced by Owens would produce bizarre consequences in certain cases. For instance, "a criminal who is charged with 25 separate batteries and is in nine months pretrial custody and then receives a nine months sentence on each count consecutively would be immediately discharged if multiple-time credits were to be allowed." *State v. Boettcher*, 423 N.W.2d 533, 539 (Wis. 1988).

The trial judge in this case obviously intended Owens to serve a minimum term of four years in prison before becoming eligible for parole. That is because the judge sentenced Owens to a "unified sentence (I.C. § 19-2513) of **15 months**; which unified sentence is comprised of a minimum (fixed) period of confinement of **six months**, followed by an indeterminate period of custody of **nine months**," for each of eight counts of violating Idaho Code section 18-3106(a), (b). This is all contained within one judgment wherein the district court contemplated that Owens would serve eight fixed terms of imprisonment of six months each, one after the other, for a combined fixed prison term of four years before becoming eligible for parole. A district court clearly has authority to impose a fixed term sentence for each offense and to require that the terms be served consecutively. The time served credit only applies to the aggregate of the fixed portion of the successive terms until the credit is exhausted. The judgment entered by the district court is clearly in keeping with the discretion afforded him under Idaho Code section 19-2513, Section 308, and the inherent authority of the judiciary and not at all inconsistent with Section 309.

Justice Pro Tem WALTERS CONCURS.

15