# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**KEVIN P. MALONEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0667

[May 20, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Michael Mirman, Judge; L.T. Case No. 562019CF002443AXXXXX.

Daniel Eisinger, Public Defender, and Siobhan Shea, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Luke Robert Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Kevin P. Maloney, defendant, appeals the judgment and sentence entered after a jury trial. Defendant raises several issues on appeal. We affirm without comment on all issues and write to address only the trial court's denial of defendant's motion to correct sentence.

An order denying a motion to correct sentencing error is reviewed de novo. *Davis v. State*, 88 So. 3d 1055, 1056 (Fla. 4th DCA 2012). We also review imposition of costs pursuant to statutes de novo. *See Richards v. State*, 288 So. 3d 574, 575 (Fla. 2020).

At sentencing, the trial court stated, "[a]ssess $100 cost of prosecution, $100 cost of attorney, $50 application fee, and also $5,382 in restitution to [the victim]. If I didn't say it already, the $418 in court costs."

A final judgment for fees and costs was imposed for $952 in total. The judgment included $50 for cost of investigation, $200 for costs of

prosecution, and $65 in additional costs to the Board of County Commissioners on each count, pursuant to section 939.185(1)(a), Florida Statutes (2019), and St. Lucie County Ordinance 24-6.

Defendant filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) (2024), alleging error in: (1) a written cost order imposing $200 in costs of prosecution when the trial court orally pronounced $100; (2) assessing $50 in cost of investigation where the cost was not pronounced at sentencing, and (3) assessing $65 in costs under section 939.185(1)(a), where the cost was not pronounced at sentencing. No ruling was entered within sixty days, and thus the motion is deemed to have been denied. Fla. R. Crim. P. 3.800(b)(2)(B).

On appeal, defendant argues the trial court erred in entering the written cost order imposing $200 in costs of prosecution, $50 in cost of investigation and assessing $65 in costs on each count under section 939.185(1)(a).

The State concedes that error occurred in imposing $200 in costs of prosecution, agreeing that the $200 amount was above the statutory minimum of $100 and the State did not request a higher amount. *See Moise v. State*, 416 So. 3d 326, 327 (Fla. 4th DCA 2025) ("[W]e have explained that reversal of prosecution costs above the statutory minimum . . . is warranted when the State fails to request a higher amount.") (quoting *McNaughton v. State*, 369 So. 3d 304, 306 (Fla. 4th DCA 2023) (citation omitted)).

The State also concedes that no one requested the $50 in costs of investigation before judgment. *See Moise*, 416 So. 3d at 327 ("[T]he State did not request investigative costs prior to judgment. We therefore reverse and remand with instructions to strike the investigative costs. . . . [T]he State cannot request investigative costs on remand.") (quoting *McNaughton*, 369 So. 3d at 306; *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019) ("Trial courts cannot impose investigative costs 'where the record does not demonstrate that the [S]tate requested reimbursements for these costs.' If these costs are not requested by the State, they must be stricken and cannot be imposed on remand." (alteration in original and internal citation omitted) (quoting *Chambers v. State*, 217 So. 3d 210, 214 (Fla. 4th DCA 2017))). We agree with the State's concession on both grounds.

Regarding the imposition of $65 in costs on each count pursuant to section 939.185(1)(a), the State argues no error occurred, arguing that costs under section 939.185(1)(a) are mandatory and do not need to be

orally pronounced.  We agree.  *See Shaw v. State*, 418 So. 3d 183, 186 (Fla. 4th DCA 2025) ( "Because the costs [under section 939.185(1)(a)] are mandatory, they were not required to be orally pronounced.  Once again, we agree with the State.").  St. Lucie County Ordinance No. 2024-006, amending St. Lucie County Code § 16-20, authorizes the assessment of $65 on a "per charge count" basis.  No error occurred in imposing $65 in costs under section 939.185(1)(a) on each count.

Accordingly, we affirm the judgment and sentence and reverse solely the circuit court's written cost order to: (1) strike the $200 costs of prosecution, and remand with instructions to impose the statutory minimum unless the State seeks and proves a greater amount; and (2) strike the $50 costs of investigation.  The State is precluded from seeking investigative costs on remand.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, GERBER and LOTT, JJ., concur.

*            *            *

***Not final until disposition of timely-filed motion for rehearing.***

3